IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. 21-325 |
| SPANYE SWINDLE, JR.,  ) | Judge Nora Barry Fischer |
| ) | |
| Defendant.  ) | |

**MEMORANDUM OPINION**

I.      INTRODUCTION

Presently before the Court is a pro se Letter/Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821 filed Defendant Spanye Swindle. (Docket No. 32). The Federal Public Defender declined to file a counseled supplement and the Government was directed to respond. (Docket No. 34). The Government maintains that Defendant is ineligible for relief as the recent amendments to the U.S. Sentencing Guidelines are inapplicable in his case and he waived the right to file such motion as part of his Rule 11(c)(1)(C) plea agreement. (Docket No. 35). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [32] is DENIED, as he is ineligible for a sentence reduction under Amendment 821.

II.     BACKGROUND

On August 17, 2021, Defendant Spayne Swindle, Jr. pled guilty to Count One of the Indictment at Criminal Number 20-310, i.e., one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), for conduct occurring on or about October 2, 2020. Defendant also waived indictment and pled guilty to Counts One and Two of the Information at Criminal Number 21-325, i.e., one count of possession with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of possession of

1

a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), for conduct occurring on or about October 2, 2020. (Docket Nos. 9, 10, 11). As part of his plea agreement, he also acknowledged violating the conditions of his supervised release at Criminal No. 17-223 by committing such offenses. (Docket No. 9-1 at ¶ A.3). The parties also stipulated pursuant to Rule 11(c)(1)(C) that an appropriate sentence in all of his cases was a total term of 85 months' incarceration, consisting of: 10 months at each of Counts One of the Indictment at Criminal Nos. 20-310 and 31-325; 15 months for the supervised release violations at Criminal No. 17-233; and 60 months for Count Two at Criminal No. 21-325, which was the mandatory minimum penalty for such offense and must be served consecutively to all other counts. (*Id*. at ¶ C.5). Finally, Defendant "agree[d] that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." (*Id*.).

Prior to sentencing, the Court found in its Tentative Findings and Rulings that Defendant had a total offense level of 17, and a criminal history category of IV, resulting in an advisory guidelines range of 37 to 46 months' imprisonment as to Count One of the Indictment at Criminal No. 20-310 and Count One of the Information at Criminal No. 21-325. (Docket No. 21). Defendant was also subject to a mandatory, consecutive penalty of at least 60 months at Count Two of the Information at Criminal No. 21-325. (*Id*.). Defendant's criminal history included six criminal history points and two "status points" because he committed the offenses while on federal supervised release which increased his criminal history category from III to IV. (*Id*. at 4). At the sentencing hearing on November 23, 2021, the Court considered all of the § 3553(a) factors, accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Defendant to a total term of

85 months' incarceration and 6 years' supervised release.  (Docket No. 29).  Specifically, the Judgment in Criminal No. 21-325 reflects that he was sentenced to a term of imprisonment of:

> 10 months at Ct. 1 and 60 months at Ct. 2 of the Information at Cr. No. 21-325; the term of imprisonment at Ct. 1 of Crim. No. 21-325 shall run concurrently to the sentence of 10 months at Ct. 1 of Cr. No. 20-310, and run consecutively to the sentence of 60 months at Ct. 2 of Cr. No. 21-325 and consecutively to the 15-month sentence for the violations at Cr. No. 17-223, for a total sentence of 85 months' imprisonment at all three cases.

(Docket No. 29 at 3).  He was ordered to pay a $300 special assessment and any fine was waived due to his inability to pay.  (*Id.*).

III.     LEGAL STANDARDS

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is 18 U.S.C. § 3582(c), which provides "an 'exception to the general rule of finality' over sentencing judgments."  *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting *Dillon*, 560 U.S. at 824).

> Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Rodriguez*, 855 F.3d at 529 (quoting 18 U.S.C. § 3582(c)(2)) (further citation omitted).

Relevant here, Amendment 821 revised if and when "status points" are applied to offenders who committed offenses while under another criminal justice sentence.  *See* U.S.S.G. § 4A1.1.

The prior version of the Guidelines, § 4A1.1, required that two criminal history points be assessed for all such offenders. U.S.S.G. § 4A1.1 (eff. Nov. 1, 2018). The current version effective November 1, 2023 is more restrictive and directs the Court to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (eff. Nov. 1, 2023). Amendment 821 also includes an additional 2-level reduction for offenders who had zero criminal history points at the time of sentencing. *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023) ("If the defendant meets all of the following criteria [in (1)-(10)] decrease the offense level determined under Chapters Two and Three by 2 levels."). Although Amendment 821 has been made retroactive for offenders who were previously sentenced, the relevant guideline, § 1B1.10(b)(2)(A), contains certain limitations, including that an offender's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

If it is determined that a defendant is eligible for relief under Guideline § 1B1.10, "§ 3852(c)(2) [next] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies […] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "In addition, a district court 'shall consider the nature and seriousness of the danger to any person or the community' and 'may consider post-sentencing conduct of the defendant.'" *Rodriguez*, 855 F.3d at 529 (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii)) (further citation omitted). A defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the

4

correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").

IV. DISCUSSION

Returning to the instant matter, Defendant's pro se Motion must be denied for several reasons. Initially, he expressly waived the right to file such motion as part of his plea agreement with the Government. *See United States v. Portis*, Cr. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024) ("Mr. Portis is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement."). Defendant has not set forth any basis to set aside the valid waiver and the Court will enforce it in this case, particularly in light of the Court's acceptance of the parties' Rule 11(c)(1)(C) agreement and the substantial benefits he received therein, i.e., a variance well below the advisory guidelines range for two of the counts and a sentence at the low end of the guidelines range for the supervised release violations. *See id*.

Next, while Defendant was assessed two "status points" at his initial sentencing, "[t]he relevant statute and policy statement do not permit a reduction in sentence 'to a term that is less than the minimum of the amended guideline range,'" *United States v. Baley*, No. CR 20-124, 2024 WL 453613, at *3 (E.D. Pa. Feb. 6, 2024) (quoting U.S.S.G. § 1B1.10(b)(2)(A)), precluding any sentence reduction under Amendment 821 in this case. To that end, the two status points raised his criminal history category from III to IV and resulted in the advisory guidelines range of 30 to 37 increasing to a higher range of 37 to 46 months for Count 1 at Criminal No. 20-310 and Count 1 at 21-325, but the sentence he received of 10 months' incarceration at those counts remains well below both ranges. In addition, Amendment 821 did not reduce the advisory guidelines range for his conviction for possession of a firearm in furtherance of a drug trafficking crime at Count 2 and he remains subject to a mandatory, consecutive penalty of 60 months' incarceration for that

offense. *See* U.S.S.G. § 1B1.10(a)(2)(B), cmt. n.1(A). Hence, Defendant is ineligible for relief under Amendment 821 and both his motion and his corresponding request for the appointment of counsel must be denied. *See United States v. Banks*, Cr. No. 18-579-1, 2024 WL 919835, at *3 (E.D. Pa. Mar. 4, 2024) ("Since Banks is not eligible for relief under Amendment 821, there is no need to appoint him counsel.").

V. CONCLUSION

Based on the foregoing, Defendant Spayne Swindle, Jr.'s pro se Motion [32] is DENIED. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: April 11, 2024

cc/ecf: All counsel of record

cc:   Spayne Swindle, Jr.
      Reg. No. 08963-087
      FCI McKean
      Federal Correctional Institution
      P.O. Box 8000
      Bradford, PA 16701
      (via first class mail)